## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY MCCLAIN, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO.: |
| | ) |
| v. | ) |
| | ) |
| STAPLES THE OFFICE | ) **JURY TRIAL DEMANDED** |
| SUPERSTORE EAST, LLC, | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Troy McClain, a resident of Schuylkill County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above named Defendant, Staples the Office Superstore East, LLC, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq.* and 28 U.S.C. §§1331 and 1343.

2. Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff, Troy McClain (hereinafter "Mr. McClain"), is an adult individual male residing at Schuylkill Haven, Schuylkill County, Pennsylvania.

5. Defendant, Staples the Office Superstore East, LLC (hereinafter "Defendant"), is a Delaware limited liability corporation with its headquarters located at 500 Staples Drive, Framingham, Middlesex County, Massachusetts.

6. At all times material hereto, Defendant owned and operated a nationwide chain of office supply retail stores, including the Staples located in the Cressona Mall at 6104 Cressona Mall Road, Pottsville, Schuylkill County, Pennsylvania ("the Staples").

## ADMINISTRATIVE PROCEEDINGS

7. On or about January 12, 2021, Mr. McClain filed a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Charge No. 530-2021-01421, with instruction to be cross-filed by the EEOC with the Pennsylvania Human Relations Commission ("PHRC") for purposes of being dual filing with the PHRC.

8. Mr. McClain has been advised of his individual rights to bring a civil action in the aforementioned charge by receiving a Dismissal and Notice of Rights letter from the EEOC, which notice was received on or about May 12, 2021.[1]

9. All necessary and appropriate administrative prerequisites to the filing of this action have occurred and been satisfied.

## STATEMENT OF FACTS

10. In or around September of 2019, Mr. McClain was hired by Defendant as a Sales Associate at the Staples; in December of 2019, Mr. McClain was promoted to Tech Supervisor, which position he held through the remainder of his tenure with Defendant.

11. On or about November 1, 2019, Mr. McClain was sexually harassed by Defendant's Copy & Print Supervisor, Liza Hozella, who smacked his buttocks.

12. Mr. McClain promptly reported Mrs. Hozella's actions to Defendant's Human Resources Department.

13. In retaliation for his complaint to Human Resources, Mrs. Hozella and her husband, Steve Hozella, who was also employed by Defendant at the Staples, began retaliating against Mr. McClain by treating him poorly and disrespecting him in front of his subordinates and other employees of Defendant.

---

[1] Plaintiff's claims were "dual-filed" with the PHRC on or about January 12, 2021. As such, Plaintiff intends to amend his Complaint to include these state claims once they become ripe one year from their PHRC filing date.

14. This retaliatory behavior ultimately prompted Mr. McClain to file an ethics complaint on or about March 1, 2020.

15. Upon information and belief, Defendant took no action in response to Mr. McClain's complaint.

16. The Hozellas continued to retaliate against Mr. McClain in an attempt to force Mr. McClain into resigning his employment; despite this behavior, Mr. McClain continued to fulfil his duties with Defendant.

17. On or about December 14, 2020, Defendant's General Manager, Ryan Patrick, terminated Plaintiff on the pretext of having a "poor attitude for a manager."

18. Mr. Patrick is close personal friends with the Hozellas.

19. Defendant's true reason for terminating Mr. McClain was to retaliate against him for his report of sexual harassment and his repeated reports of retaliation at the hands of the Hozellas.

20. Defendant's retaliation against Mr. McClain, as well as its sexual harassment and overall sexual misconduct, violated his rights under Title VII.

## COUNT I

### TITLE VII CLAIM
*Retaliation*

21. All prior paragraphs are incorporated herein as if set forth fully below.

22. As set forth above, subsequent to Mr. McClain's good-faith complaint regarding the sexual harassment and sexually hostile environment, Defendant and/or its management failed to protect Mr. McClain from retaliation at the hands of the Hozella's and ultimately retaliated against Mr. McClain by terminating his employment because of his reports of retaliation.

23. As a result of Defendant's actions, Mr. McClain has had his reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, and has endured public humiliation, ridicule, and embarrassment before his family and friends, as well as sustained economic losses.

**WHEREFORE**, Plaintiff, Troy McClain, seeks damages against Defendant, Staples the Office Superstore East, LLC, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

a. Defendant is to be permanently enjoined from discriminating and/or retaliating against Plaintiff on the basis of his complaints of sexual harassment, retaliation, and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or

retaliating against employees based on their sex or making good faith reports of sexual discrimination/harassment and are to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

e. Plaintiff is to be awarded punitive damages as provided for under Title VII;

 f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

 g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

 h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

 i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage - or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

 j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

August 6, 2021
Date

/s/ *Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

/s/ *Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

/s/ *Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

/s/ *Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*